**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| **TERUKO ONISHI, and TOSHISADA ONISHI** | Civ. No. 20-13001 (KM) (ESK) |
| **Plaintiffs,** | **OPINION** |
| **v.** | |
| **DAVID C. CHAPLEAU, MICHAELENE M. MACHOWIAK, ELAINE B. BROWN, CURTIS THEOPHILUS HILL, JR., ARIENNE MEIRING, THE COUNTY OF ST. JOSEPH, ST. JOSEPH SUPERIOR COURT, JAMES S KIRSCH, CALE J. BRADFORD, RACHEL ELLEN HOUSE, and LORETTA H. RUSH** | |
| **Defendants.** | |

<u>KEVIN MCNULTY, U.S.D.J.</u>:

*Pro Se* Plaintiffs Teruko Onishi and Toshisada Onishi initiated this action on September 21, 2020, against Cutis T. Hill, Jr., Attorney General of Indiana; Honorable David C. Chapleau, St. Joseph County Superior Court Judge; Honorable James S. Kirsch, Indiana Court of Appeals Judge; Honorable James S. Kirsch, Indiana Court of Appeals Judge; Honorable Elaine B. Brown, Indiana Court of Appeals Judge; Honorable Cale J. Bradford, Indiana Court of Appeals Judge; St. Joseph County Superior Court; Arienne Meiring, Counsel for the Indiana Commission on Judicial Qualifications; and Michaelene M. Machowiak, St. Joseph County Prosecutor (collectively "Indiana Defendants"), and against Rachell Ellen House, a private citizen, who is Mr. Onishi's ex-wife. On November 17, 2020, the Court granted Plaintiffs' motion to amend the Complaint to, *inter alia,* name the Chief Justice of the Indiana Supreme Court,

1

Loretta H. Rush, as a defendant.[1] (DE 21) Defendant Rush joins in the arguments set forth in the Indiana Defendants' papers in support of dismissal; references to the "Indiana Defendants" shall be deemed to include Rush. (DE 23 at 1-2).

The Indiana Defendants move to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(3), for improper venue, and 12(b)(2), for lack of personal jurisdiction. (DE 14-1 at 9). For the reasons provided herein, I will grant the motion.

## I.      **Summary**[2]

Plaintiff Toshisada Onishi and Defendant Rachael Ellen House married in Japan in May 2012. (Compl. ¶18; Am. Compl. ¶19). Thereafter, the couple moved to New Jersey and eventually separated. (DE 1-10 at 2; DE 1-14 at 3). On November 8, 2015, a Consent Order regarding custody, child support, and parenting time was entered by the Superior Court of New Jersey, Chancery Division-Family Part, Essex County. (DE 1-1). That order, *inter alia*, dismissed a domestic action filed against Onishi in exchange for permitting House to relocate to the Midwest with the pair's minor child. (DE 1-1 at 2). The order also provided for joint legal custody but designated House as the parent of primary residence and Onishi as the parent of alternative residence. (*Id.*).

In May 2016, Defendant House filed for divorce in Indiana state court. (Compl. ¶20; Am. Compl. ¶21). On February 5, 2019, the Indiana court entered

---

[1]      The November 17 Order explained that Defendants' motion (DE 14) will be treated as a motion to dismiss the Complaint in its amended form. (DE 21). The differences between the original Complaint and the Amended Complaint are irrelevant for purposes of determining whether venue is proper and whether this Court has personal jurisdiction over Defendants.

[2]      Citations to the record will be abbreviated as follows. Citations to page numbers refer to the page numbers assigned through the Electronic Court Filing system, unless otherwise indicated:

"DE" = Docket entry number in this case.

"Compl." = Complaint (DE 1)

"Am. Compl." = Corrected Proposed Amended Complaint (DE 17-1)

a final dissolution decree, which, *inter alia*, granted House "sole legal care, charge, and custody of the minor child" as well as physical custody. (Compl. ¶¶21-22; Am. Compl. ¶¶ 21-22; DE 1-10 at 9). Onishi was granted "the right to see and parent the minor child at all reasonable times according to the Indiana Parenting Time Guideline." (DE 1-10 at 9).

On October 26, 2019, Onishi unsuccessfully petitioned the Supreme Court of Indiana to review the February 5, 2019 decree. (Compl. ¶22; Am. Compl. ¶23). Then, on November 15, 2019, Onishi unsuccessfully brought an action in the United States District Court for the Northern District of Indiana, challenging the "the constitutionality of Indiana statutes and laws." (Compl. ¶¶43-48; Am. Compl. ¶¶44-49). An appeal is currently pending before the United States Court of Appeals for the Seventh Circuit. (Compl. ¶48; Am. Compl. ¶49).

Now, before this Court, Plaintiff Onishi again seeks "judicial review of the constitutionality of Indiana statutes" that were applied in awarding child custody to Defendant House. (Compl. ¶6). The Complaint asserts claims for deprivation of due process and equal protection in violation of the Fourteenth Amendment. (Compl. ¶¶53-99; Am. Compl. ¶¶55-142). The Indiana Defendants move to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(3), for improper venue, and 12(b)(2), for lack of personal jurisdiction. (DE 14-1 at 9).

## II.    DISCUSSION

### a.  Venue in the District of New Jersey

The Indiana Defendants submit that venue is improper in this District because (1) all Defendants, including Ms. House, reside in Indiana, not New Jersey; and (2) the operative facts substantially occurred in Indiana, not New Jersey.[3] (DE 14-1 at 12). I agree.

---

[3]    Plaintiffs submit that Defendants' motion to dismiss is "barred as waived for failing to file any responsive pleading." (DE 34 at 1-2). This argument is without merit. Rule 12 expressly permits the filing of a pre-answer motion asserting Rule 12(b) defenses, including improper venue and lack of subject matter jurisdiction. Fed. R.

Defendants argue that the case should be dismissed under Federal Rule of Civil Procedure 12(b)(3) because venue is improper in New Jersey. *See* 28 U.S.C. § 1391(b). (DE 14-1 at 12). The relevant part of 28 U.S.C. § 1391(b) provides that a federal civil action may be brought in the following places:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1-3). The burden of proof on venue under § 1392(b) falls upon the defendant who challenges it. *See Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724 (3d Cir.1982)

Pursuant to 28 U.S.C. § 1391(b)(1), venue is proper in a judicial district in which any defendant resides only if all defendants reside in the state in which the district is located. Here, Plaintiffs do not allege that any Defendant lives in New Jersey. (*See* Am. Compl. ¶¶ 7-18). Therefore, venue is improper under 28 U.S.C. § 1391(b)(1).

Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper where a substantial part of the events or omissions giving rise to the action occurred. To determine "whether events or omissions giving rise to the claims are substantial, it is necessary to look at the nature of the dispute." *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 295 (3d Cir. 1994). Here, the allegedly unconstitutional conduct – the custody determination– occurred in Indiana. (*See generally* Am. Compl.). Indeed, Plaintiffs challenge the application of Indiana laws by Indiana courts. (Am. Compl. ¶¶55-142). Thus, the events

---

Civ. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed.").

giving rise to this action occurred entirely in an Indiana court room. That being the case, venue is improper in New Jersey.

Plaintiffs submit that venue, and personal jurisdiction, is properly laid in the District of New Jersey for the following reasons: Defendant House resided in New Jersey until October 2015; Defendant House has had systematic and continuous contacts with New Jersey; the November 2015 New Jersey consent order was allegedly violated; New Jersey is a more convenient forum for Plaintiff Teruko Onishi; most of the witnesses reside in New Jersey; "[t]he primary purpose of this action is to seek only the judicial review of the constitutionality of Indiana statutes through summary judgment without in-person oral hearings for the convenience of litigants and witnesses in this action"; judicial review by this Court is in the best interest of justice due to the "substantial bias and prejudice against racial and ethnic minorities in or near the state of Indiana, severe corruption within the state of Indiana and St. Joseph County Bar Association, and a conflict of interest with federal court judges" in Indiana; the action was filed against Indiana judicial officers; Defendant House "as a resident of Indiana impliedly acknowledged" that "no court in and around the state of Indiana would rule in favor of Plaintiffs"; and, finally, this Court may determine motions for summary judgments on briefs, without oral argument. (DE 34 at 2-6).

Those asserted reasons do not comport with the requirements of 28 U.S.C. § 1391(b). As noted, all Defendants, including House, reside in Indiana. Further, the New Jersey consent order is not in issue. Instead, Plaintiffs challenge the constitutionality of Indiana statutes as applied by Indiana state courts in a child custody action in Indiana. Finally, the purported "interest of justice" arguments are inapposite to the venue analysis. The statute, 28 U.S.C. § 1391(b), lists three scenarios under which venue is proper. None of them is present here.

This action may properly be brought, if anywhere, in the United States District Court for the Northern District of Indiana. Indeed, in substance, it *was* brought there. Having received an unfavorable result, Plaintiffs have simply

sued again in another district. Because there is a district in which the action may be brought, venue is not proper under 28 U.S.C. § 1391(b)(3).

The action will therefore be dismissed for improper venue.

### b. Personal Jurisdiction Over Indiana Defendants

In addition, and in the alternative, the action must be dismissed as against the Indiana Defendants for lack of personal jurisdiction. Because this is an alternative ground for dismissal, I discuss it only briefly.

To assess whether a court has personal jurisdiction over a defendant, a district court must undertake a two-step inquiry. *IMO Indus., Inc. v. Kiekert, AG*, 155 F.3d 254, 258-59 (3d Cir. 1998). First, the court is required to use the relevant state's long-arm statute to see whether it permits the exercise of personal jurisdiction. *Id.* "Second, the court must apply the principles of due process" under the federal Constitution. *WorldScape, Inc. v. Sails Capital Mgmt.*, No. 10-cv-4207, 2011 WL 3444218, at *3 (D.N.J. Aug. 5, 2011) (citing IMO Indus., 155 F.3d at 259). In New Jersey, the first step collapses into the second because "New Jersey's long-arm statute provides for jurisdiction coextensive with the due process requirements of the United States Constitution." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004) (citing N.J. Ct. R. 4:4-4(c)). Accordingly, personal jurisdiction over a non-resident defendant is proper in this Court if the defendant has "certain minimum contacts with [New Jersey] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Provident Nat'l Bank v. Cat Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)) (internal quotation marks omitted).

A Rule 12(b)(2) motion, such as the motion made by Defendants here, "is inherently a matter which requires resolution of factual issues outside the pleadings, i.e., whether in personam jurisdiction actually lies. Once the defense has been raised, then the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent

evidence." *Patterson v. FBI*, 893 F.2d 595, 603-04 (3d Cir. 1990) (internal quotation marks omitted) (quoting *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984)).

There are two kinds of personal jurisdiction: general and specific. *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007).

General jurisdiction usually applies when an individual is domiciled in the forum state. *Chanel, Inc. v. Matos*, 133 F. Supp. 3d 678, 684 (D.N.J. 2015) ("[A]n 'individual's domicile,' or home, constitutes the paradigmatic 'forum for the exercise of general jurisdiction.'") (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014)). "[D]omicile is established by an objective physical presence in the state or territory coupled with a subjective intention to remain there indefinitely." *Washington v. Hovensa LLC*, 652 F.3d 340, 344, 55 V.I. 1265, 1270 (3d Cir. 2011). In essence, an entity may be sued on any and all claims in the place where it is domiciled.

First, the Indiana Defendants submit that this Court cannot exercise general jurisdiction over them, because they are domiciled in Indiana, not New Jersey. (DE 14-1 at 17). Plaintiffs do not dispute this; they concede that the Indiana Defendants (and even Defendant House, since 2015) are domiciled in Indiana. (DE 34 at 6). Therefore, the Indiana Defendants are not subject to the general jurisdiction of this Court. *See Chanel,* 133 F. Supp. 3d at 684.

Second, the Indiana Defendants submit that Plaintiffs have not established specific jurisdiction. (DE 14-1 at 17). They argue that there is no sufficient evidence or indication that they have engaged in continuous or systematic conduct in relation to this State or Plaintiffs' claims. *See Patterson*, 893 F.2d at 603-604 ("[T]he plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence.") (quoting *Time Share Vacation Club*, 735 F.2d at 67 n.9).[4]

---

[4]      Plaintiffs submit only that Defendant House makes continuous and systematic contacts with New Jersey, because she brings her minor child to New Jersey every other month pursuant to the February 5, 2019 order. (DE 34 at 2).

Specific jurisdiction, as the name implies, is claim-specific. It arises from the defendant's forum-related activities that give rise to the plaintiffs' claims. The relevant analysis has three parts:

> First, the defendant must have "purposefully directed [its] activities" at the forum. Second, the litigation must "arise out of or relate to" at least one of those activities. And third, if the prior two requirements are met, a court may consider whether the exercise of jurisdiction otherwise "comport[s] with 'fair play and substantial justice.'"

*O'Connor*, 496 F.3d at 317 (internal citations omitted); *see also Strategic Prod. & Servs., LLC v. Integrated Media Techs.*, Inc., No. 1800694, 2019 WL 2067551, at *7 (D.N.J. May 10, 2019).

Plaintiffs have failed to demonstrate sufficient minimum contacts, or indeed any contacts, between the Indiana Defendants and the State of New Jersey. And even if they had, the complained-of conduct—the allegedly unconstitutional application of Indiana statutes in an Indiana state court proceeding—does not arise out of or relate to any contacts with New Jersey. And this Court's assertion of jurisdiction over Indiana officials discharging their official duties in Indiana would not comport with traditional notions of fair play and substantial justice. *See O'Connor*, 496 F.3d at 317.

Based on the foregoing, I find that Plaintiffs have failed to establish a basis for this Court's in personam jurisdiction over the Indiana Defendants.

### III.   Conclusion

For the reasons set forth above, I will grant Defendants' motion (DE 14) to dismiss the action. An appropriate order follows.

Dated: February 19, 2021

/s/ Kevin McNulty

_____

**Kevin McNulty**
**United States District Judge**

8