UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| TERUKO ONISHI and TOSHISADA ONISHI, | : <br> : <br> : **Civil Action No. 20-13001 (JXN) (ESK)** <br> : |
| Plaintiffs, | : <br> : **MEMORANDUM OPINION** |
| v. | : <br> : |
| DAVID C CHAPLEAU, *et al*, | : <br> : |
| Defendants. | : <br> : |

**NEALS**, District Judge:

**THIS MATTER** comes before the Court on two motions for reconsideration, ECF No. 87 and 93, filed by *pro se* Plaintiffs Teruko Onishi and Toshisada Onishi (collectively, "Plaintiffs"), requesting, among other things, that this Court reconsider its Opinion and Order dated February 19, 2021 [ECF Nos. 75, 76].  This matter is decided without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b).  For the reasons stated herein, Plaintiffs' motions for reconsideration [ECF Nos. 87, 93] are **DENIED**.

I.   **FACTUAL BACKGROUND & PROCEDURAL HISTORY**

As the parties are intimately familiar with the facts of this case, the Court will only address those relevant to the present motion.[1]  On September 21, 2020, Plaintiffs initiated this action against Cutis T. Hill, Jr., Attorney General of Indiana; Honorable David C. Chapleau, St. Joseph County Superior Court Judge; Honorable James S. Kirsch, Indiana Court of Appeals Judge; Honorable Elaine B. Brown, Indiana Court of Appeals Judge; Honorable Cale J. Bradford, Indiana

---

[1] For a fuller recitation of the facts, please review the Court's February 19, 2021 Opinion, ECF No. 75.

Court of Appeals Judge; St. Joseph County Superior Court; Arienne Meiring, Counsel for the Indiana Commission on Judicial Qualifications; Michaelene M. Machowiak, St. Joseph County Prosecutor; and Loretta H. Rush, Chief Justice of the Indiana Supreme Court (collectively "Indiana Defendants"), and against Rachel Ellen House, a private citizen, who is Plaintiff Toshisada Onishi's ex-wife. *See* ECF No. 75 at 1-2 (citing Am. Compl. ¶ 21). In the Complaint, Plaintiffs seek "judicial review of the constitutionality of Indiana statutes" that were applied in awarding child custody to Defendant House. *Id.* at 3 (citing Compl. ¶ 6). The Complaint asserts claims for deprivation of due process and equal protection in violation of the Fourteenth Amendment. *Id.* (citing Compl. ¶¶ 53-99; Am. Compl. ¶¶ 55-142).

On November 4, 2020, the Indiana Defendants moved to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(3), for improper venue, and 12(b)(2), for lack of personal jurisdiction. *See* ECF No. 14-1 at 9. On February 19, 2021, the Honorable Kevin McNulty, U.S.D.J., issued an Opinion and Order granting Defendants' motion and dismissing Plaintiffs' Complaint for improper venue and, alternatively, for lack of personal jurisdiction over the Indiana Defendants. *See* ECF No. 75. After receiving an extension of time [ECF No. 78], Plaintiffs filed two separate motions for reconsideration on March 25, 2021 and April 5, 2021. *See* ECF Nos. 87, 93. This matter was subsequently reassigned to the Undersigned on June 29, 2021.

## II.  LEGAL STANDARD

Local Civil Rule 7.1(i) governs motions for reconsideration. *Agostino v. Quest Diagnostics, Inc.*, No. 04-cv-4362, 2010 WL 5392688, *5 (D.N.J. Dec. 22, 2010) (citing *Bryan v. Shah*, 351 F. Supp. 2d 295, 297 (D.N.J. 2005)). Rule 7.1(i) permits a party to seek reconsideration by the Court of a matter which the party believes the Judge "overlooked" when it ruled on the motion. A motion for reconsideration under Rule 7.1(i) "shall be served and filed within 14 days

after the entry of the order or judgment on the original motion by the Judge" and submitted with a "brief setting forth concisely the matter or controlling decisions which the party believes the Judge . . . has overlooked." L. Civ. R. 7.1(i).

The standard for reargument is high and reconsideration is to be granted only sparingly. *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994). A judgment may be altered or amended under Rule 7.1(i) if the movant shows at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 667 (3d Cir. 1999) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). Under this standard, courts have noted that "reconsideration is an extraordinary remedy, that is granted 'very sparingly.'" *Brackett v. Ashcroft*, Civil Action No. 03-3988 (WJM), 2003 U.S. Dist. LEXIS 21312, *5 (D.N.J. Oct. 7, 2003) (citation omitted).

The Court will grant a motion for reconsideration only if its prior decision overlooked a factual or legal issue that may alter the disposition of the matter. *United States v. Compactions Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999). "Reconsideration motions . . . may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of the judgment." *NL Industries, Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996). In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." *Tishcio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 533 (D.N.J. 1998) (citation omitted). Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process. *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 162 (D.N.J. 1998).

### III. DISCUSSION

In their motions, Plaintiffs submit that reconsideration is warranted for the following reasons: (1) to "clarify the scope of such other and further relief as this Honorable Court deems just and proper under any applicable laws and rules;" (2) Plaintiffs had very limited time and resources compared to the Indiana Defendants; and (3) *pro se* litigants are entitled to amend their complaint at least once.  ECF No. 87 at 8-11; ECF No. 93 at 5-13.  These asserted reasons do not satisfy the threshold for granting a motion for reconsideration.  To succeed on a motion for reconsideration, a movant must show: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact to prevent manifest injustice."  *Max's Seafood Café*, 176 F.3d at 667 (citing *CIGNA Reinsurance Co.*, 52 F.3d at 1218).  Plaintiffs have not presented the Court with changes in controlling law, factual issues that were overlooked, newly discovered evidence, or a clear error of law or fact that would necessitate a different ruling in order to prevent a manifest injustice.  Thus, the Court will not reconsider its February 19, 2021 Opinion and Order dismissing Plaintiffs' Complaint for improper venue and, alternatively, for lack of personal jurisdiction over the Indiana Defendants.  *See* ECF Nos. 75 and 76.

### IV. CONCLUSION

For the foregoing reasons, Plaintiffs' motions for reconsideration (ECF No. 87, 93) are **DENIED**.  An appropriate Order accompanies this Opinion.

DATED: March 31, 2022

Julien Xavier Neals
United States District Judge